IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FREDERICK BROWN, | : | |
| Plaintiff | : | |
| VS. | : | |
| BRUCE CHATMAN, Warden, Dooly State Prison; GEORGIA DEP'T OF CORRECTIONS; GDOC Comm'r JAMES E. DONALD; Deputy Warden BENJAMIN CHARLES; Counselor JOHN SMITH; Counselor LANCE; DR. VINOD SACHDEVA; and Medical Administrator FRANK BASILE; | : | NO. 5:07-CV-79 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants | : | **O R D E R** |

Plaintiff **FREDERICK BROWN** has filed a *pro se* complaint under 42 U.S.C. § 1983. He also asserts claims under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 2). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*. However, he must nevertheless pay the full amount of the $350.00, as explained later in this order.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff is a nonsmoker who allegedly had a medical profile specifically directing that he was to housed in a smoke-free environment. Plaintiff complains that while he was incarcerated at Dooly State Prison ("Dooly") from March 2002 to September 2005, he was exposed to unlawful second-hand cigarette smoke. Plaintiff alleges that from late 2003, when defendant Bruce Chatman became Warden at Dooly, until plaintiff's transfer, "the defendants" discontinued his smoke-free medical profile and forced plaintiff to live in "dormitories filled with smoke and cellmates who smoked." Allegedly, Dooly had a policy against indoor smoking, but the defendants failed to enforce it.

Plaintiff states that he repeatedly asked each of the named Dooly defendants to place him in a single room or in a non-smoker dorm, but his requests were denied or ignored. Plaintiff claims that exposure to smoke aggravated his preexisting medical conditions, including asthma, Raynaud's Syndrome, sinusitis, rhinitis, heart, kidney, stomach, and other problems. Plaintiff complains that he has now been transferred to Washington State Prison where he appears to claim that similar exposure has taken place.[1]

---

[1] Plaintiff is advised that he may raise only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). If plaintiff wishes to pursue claims arising out of Washington State Prison, he should file a new lawsuit against the appropriate individuals at that facility.

Plaintiff further alleges that he used the inmate grievance procedure to complain about exposure to second-hand smoke and because these grievances were not answered in a timely manner or ignored, he was denied his rights to due process and access to the courts.

In addition, plaintiff alleges he was denied appropriate medical care while at Dooly. In particular, plaintiff claims that he was denied rheumatology treatment for severe joint pain and "possible" Lupus.

Finally, plaintiff alleges that the Georgia Department of Corrections ("GDOC") has an institutional policy of retaliating against inmates who use the grievance process. According to plaintiff, he was transferred from Dooly to Washington State Prison (a higher security prison) in September 2005 pursuant to this policy.

Based on the above alleged violations, plaintiff sues the following defendants: (1) GDOC; (2) GDOC Commissioner James E. Donald; (3) Dooly Warden Bruce Chatman; (4) Dooly Deputy Warden Benjamin Charles; (5) Dooly Counselor John Smith; (6) Dooly Counselor Lance; (7) Dr. Vinod Sachdeva; and (8) Dooly Medical Administrator Frank Basile. As relief, plaintiff seeks several different types of injunctive relief, including the establishment of a smoke-free dorm at Dooly, and monetary damages.

## III. DISCUSSION

### A. *Injunctive Relief*

As an initial matter, the Court notes that plaintiff is not entitled to any of the injunctive relief he requests as he is no longer confined at Dooly. The Eleventh Circuit has held that a prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986). The only claims that remain are plaintiff's damages claims.

### B. *Damages Claims*

Although it is not clear that plaintiff will ultimately prevail on the merits, construing the complaint liberally in favor of plaintiff, the undersigned finds that plaintiff has made sufficient allegations to withstand the frivolity review.[2]  Accordingly, it is hereby **ORDERED** that service be made as provided by law upon the above named defendants and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

---

[2] Plaintiff claims that he was first exposed to smoke at Dooly apparently in late 2003. Plaintiff signed the present complaint on February 19, 2007, and it was stamped received by the Clerk's Office on March 5, 2007. The length of the statute of limitations for filing a section 1983 claim is controlled by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although it is possible some (or all) of plaintiff's claims may be barred by the statute of limitations, where a continuing wrong is involved, "the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases." *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974). Accordingly, the Court will not specifically address in this order the applicability of the statute of limitations.

The Court further notes that plaintiff filed in the Northern District of Georgia in September 2004 a claim alleging failure to enforce the smoke-free policy at Dooly against Raymond Head, the GDOC Manager of Inmate Affairs and Appeals. *Brown v. Head*, civil action number 1:04-cv-2786-ODE (N.D. Ga.). The Eleventh Circuit Court of Appeals ultimately held that Head's actions constituted mere negligence, not deliberate indifference. In addition to naming other defendants in this case, plaintiff makes allegations under the ADA.

☞                             **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**DISCOVERY**

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANT SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE

MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant, unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE</u> <u>MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞    After the filing of responsive pleadings by the defendant, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED**, this 2nd day of MAY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.