IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FREDERICK BROWN,

                    Plaintiff

    VS.

GEORGIA DEPARTMENT OF
CORRECTIONS, *et al.*,

                    Defendants

NO. 5:07-CV-79 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

FREDERICK BROWN, an inmate in the custody of the Georgia Department of Corrections ("GDOC"), has filed the above-styled case seeking relief under 42 U.S.C. §1983 and the Americans with Disabilities Act ("ADA"). This matter has been referred to the undersigned, a full time United States Magistrate Judge for a recommendation. Plaintiff alleges that the defendants' have violated his Eighth Amendment right to be free of cruel and unusual punishment and his rights under the ADA by virtue of his being forced to endure environmental tobacco smoke ("ETS") at the prisons in which he has been incarcerated. Brown also complains that the defendants have denied him due process by failing to comply with the GDOC's grievance procedure and that they have retaliated against him for his filing of grievances and lawsuits in violation of his First Amendment rights.

Pending before the court are the plaintiff's MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND REQUEST FOR RECONSIDERATION (Tab #14), the plaintiff's MOTION FOR RECONSIDERATION OF PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION IN LIGHT OF THIS COURT MISREPRESENTATION OF PLAINTIFF'S CLAIMS (Tab #13), and the defendants' PRE-ANSWER MOTION TO DISMISS the action on numerous grounds (Tab #11).

## MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

In its order directing service on the defendants and providing instructions to the parties, this court found that since the plaintiff had been transferred from Dooly State Prison where the events alleged in his initial complaint had occurred, his claims for injunctive relief had necessarily been mooted. Tab #4 at 3. The plaintiff now objects to that finding and states that he is subject to the exception to the jurisdictional bar on moot issues regarding claims that are capable of repetition yet evading review.

> In the absence of a class action, a case may be considered within the "capable of repetition, yet evading review" exception only where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."

*National Broadcasting Co., Inc. v. Communications Workers of America, ALF-CIO*, 860 F.3d 1022 (11th Cir. 1998) (*citing* **Weinstein v. Bradford**, 423 U.S. 147, 149 (1975)).

Both prongs of that test appear to have been met in this case as plaintiff's incarceration at Dooly State Prison was too short to permit litigation to be completed prior to his transfer,[1] and plaintiff is likely to be situated in a virtually identical situation with respect to ETS at any prison in the Georgia prison system. Plaintiff Brown's argument is convincing, and his motions to supplement his complaint and for reconsideration (Tabs #13 and #14) are **GRANTED** insofar as they seek to reintroduce his claims for injunctive relief**.** Thus**,** his claims for injunctive relief are again before this court.

However, the undersigned RECOMMENDS that plaintiff's claims for a temporary restraining order/preliminary injunctive relief be **DENIED** at this time as plaintiff Brown has failed to sufficiently demonstrate a substantial likelihood of success on the merits as required. *Canal Authority of State of Fla. v. Calloway*, 489 F.2d 567 (11th Cir. 1974).

---

[1] Significantly, plaintiff's motion states that he has been transferred ***thirteen*** times in eleven years.

## **DUE PROCESS**

Plaintiff's complaint includes an allegation that the "defendants deny access to, refuse to respond in a timely manner and falsify the grievance process." Tab #1 at 4 of 35, ¶4. It is well-established that prison officials' failure to institute or follow a grievance procedure does not create a constitutional violation under §1983. *See* ***Wildberger v. Bracknell***, 869 F.2d 1467 (11th Cir. 1989) (*per curiam*). Pursuant to the Prison Litigation Reform Act of 1995, once a prisoner has exhausted whatever administrative remedies were available to him, he may file a suit in federal court (as the plaintiff has done in this case), thereby assuring that the inmate-plaintiff is guaranteed due process of law. Accordingly, IT IS RECOMMENDED that the plaintiff's claims as to denial of due process be **DENIED**.

## **RETALIATION**

Plaintiff Brown has alleged that the defendants have taken retaliatory action against him for his filing of grievances and lawsuits complaining of lack of proper medical treatment. Specifically, Brown contends that he has been shuttled among four prisons since he first filed a grievance regarding ETS. The defendants have asserted that because his legal claims have not been frustrated as a result of the defendants' actions, their actions are within the bounds of the Constitution.[2] Such is not the case, however:

"First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." ***Boxer X v. Harris***, 437 F.3d 1107, 1112 (11th Cir .2006) (*citing* ***Wildberger v. Bracknell***, 869 F.2d 1467, 1468 (11th Cir.1989)). "The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." ***Thomas v. Evans***, 880 F.2d 1235 (11th Cir. 1989). The punishment a prisoner alleges for grieving prison conditions need not impede the prisoner's ability to litigate: It can be as simple as a prisoner's claiming that officials confiscated his tennis shoes in retaliation for the inmate's filing suit. *See* ***Hall v. Sutton***, 755 F.2d 786 (11th Cir. 1985).

---

[2]This RECOMMENDATION makes no finding as to the merits of the defendants' contention that the plaintiff's legal claims have not been frustrated by his movement between prisons.

Because plaintiff Brown has alleged sufficient facts to set forth a retaliation claim, to wit, the fact that he has filed numerous grievances and lawsuits and has been transferred from prison to prison possibly as a result of his filing of such actions, IT IS RECOMMENDED that the defendants' motion to dismiss be **DENIED** as to the plaintiff's claims of retaliation.

## ENVIRONMENTAL TOBACCO SMOKE

### RES JUDICATA

The defendants argue that because this same plaintiff previously sued prison administrators regarding similar claims, his claims herein regarding violations of the ADA are barred by the doctrine of claim preclusion. *See* **Brown v. Head**, N. D. Ga. Case No. 04CV2786; **Brown v. Head**, 190 Fed. Appx. 808 (11th Cir. 2006) (*per curiam*). A previous "judgment bars litigation not only of every matter which was actually offered and received to sustain the demand, but also of every claim which might have been presented." **Christo v. Padgett**, 223 F.3d 1324, 1339 n. 46 (11th Cir. 2000). The defendants argue that because plaintiff Brown had the *opportunity* to bring his ADA claim in his previous action filed in the Northern District of Georgia in 2004, and because the parties are in privity — as this case involves the same plaintiff and all defendants are employees of the GDOC — plaintiff's claims regarding violations of the ADA are barred by claim preclusion and must be dismissed.

Before considering the legal factors associated with claim preclusion and whether they are present in this case,³ there are some factual issues that must be dealt with. First is whether the

---

³ There are four factors to be considered in determining whether a case is barred by claim preclusion: (1) There must have been a final judgment on the merits of the previous claim; (2) the decision must have been rendered by a court of competent jurisdiction; (3) the parties — or those in privity with them — must be identical in both suits; and (4) the cause of action must be the same in both cases. ***Ragsdale v. Rubbermaid, Inc.***, 193 F.3d 1235 (11th Cir. 1999).

The undersigned has reservations regarding whether the defendant in **Brown v. Head** is in privity with the defendants in the instant case, as the defendant in **Brown v. Head** was sued only in his individual capacity while the defendants in the instant case who have been sued with respect to the ADA are sued in their official capacities. If this court does at some point become satisfied that the plaintiff's claims pursuant to the ADA were actionable at the time he filed a previous suit, it may be more appropriate to use another previous suit with respect to claim preclusion: **Brown v. Smith, et al.**, S. D. Ga. Case No. 5:01-CV-44, affirmed in **Brown v. Smith**, 187 Fed. Appx. 947 (11th Cir. 2006) (*per curiam*), in which the defendants were sued in their individual and official capacities regarding claims similar to those at issue here.

plaintiff could qualify as a disabled individual pursuant to Title II of the ADA. If he does not, then the court need not discuss this matter any further. The second question is whether the plaintiff would have been a qualified individual at the time he filed his previous suit(s).

Plaintiff Brown claims that he suffers from asthma. Courts have recognized that serious asthma can render an individual as disabled pursuant to the ADA (*see* 194 A.L.R. Fed. 455, §7[d] (*citing*, *inter alia*, **Riebe v. E-Z Serve Convenience Stores, Inc.**, 2000 WL 1566516 (S. D. Ala. 2000)), and at this point in the litigation, the plaintiff has sufficiently alleged that his asthma does restrict his ability to breathe to the extent that dismissal is not warranted on the grounds that he is not a qualified individual. However, there is no evidence in the record regarding the seriousness of the plaintiff's asthma at the time of his filing of his previous suits regarding ETS in prisons.

Because the possibility exists that the plaintiff Brown's condition has worsened over the course of his incarceration and that the plaintiff would therefore not have had a claim pursuant to the ADA at the time he filed his previous cases, dismissal of this action on claim preclusion grounds is not warranted *at this time*. Accordingly, IT IS RECOMMENDED that the defendants' Motion To Dismiss be **DENIED** to the extent dismissal is sought on the basis of claim preclusion.

The defendants also claim that the plaintiff's instant claims regarding the prison administrators' handling of ETS are barred by issue preclusion based on the findings in **Brown v. Head**, *supra.* While the plaintiff's claim in his previous suit involved very similar facts and circumstances, the Eleventh Circuit affirmed summary judgment for the defendant in that previous case (who is not a party to this action) based on a factually specific finding: "The lack of enforcement of the existing smoking policy at best shows mere negligence and is insufficient to demonstrate deliberate indifference." **Brown v. Head,** 190 Fed. Appx. at 810. Because plaintiff Brown's instant suit involves different defendants and different actions taken by those defendants, dismissal of these claims is not appropriate on *res judicata* grounds.

## ELEVENTH AMENDMENT IMMUNITY

To the extent plaintiff Brown seeks damages under 42 U.S.C. §1983 from any of the individual defendants in their *official* capacities, such damages are precluded. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Accordingly, IT IS RECOMMENDED that any claims brought under §1983 against the defendants in their official capacities be **DISMISSED**.

However, because the ADA must be brought against a state agency, the Georgia Department of Corrections ("GDOC") and the defendants in the official capacities are the correct defendants for claims brought pursuant to the ADA. The ADA specifically states that under its provisions Eleventh Amendment immunity will not protect a state from liability (42 U.S.C. §12202, *U. S. v. Georgia*, 126 S.Ct. 887, 879 (2006)). Accordingly, plaintiff's ADA claims should not be dismissed on Eleventh Amendment immunity grounds, and dismissal of those claims is not recommended.

## QUALIFIED IMMUNITY

The defendants have asserted the defense of qualified immunity which shields public actors from suit unless their actions violate a federal right or law that was clearly established at the time that the alleged actions took place.

Remaining of plaintiff's original claims under the Eighth Amendment is the assertion that plaintiff Brown was subjected to ETS while he was incarcerated at Dooly State Prison. In connection with their response to the plaintiff's motions for injunctive relief, the defendants have filed affidavits pointing to the smoking policies in place at Washington State Prison, but there is no evidence before the court of any such policy that was in place at Dooly State Prison while plaintiff was incarcerated there. So, while there is clear language from the Eleventh Circuit stating that failure to enforce a smoking policy is no more than negligence, there is no evidence of **any** smoking policy in effect at all for the time that plaintiff was incarcerated at Dooly State Prison. Thus, the defendants are not entitled to qualified immunity at this juncture.

## RESPONDEAT SUPERIOR

Finally, the defendants' claim that Brown's ETS claims are barred because an inmate cannot file suit pursuant to §1983 on the basis of *respondeat superior* is incorrect for the reasons set forth in the Eleventh Circuit's opinion in *Brown v. Head, supra*.

## CONCLUSION

IT IS RECOMMENDED that the defendants' PRE-ANSWER MOTION TO DISMISS be DENIED except as specifically recommended otherwise herein. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 4th day of MARCH, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE