# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **FREDERICK BROWN,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:07-cv-79 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| **GEORGIA DEPARTMENT OF** | : | |
| **CORRECTIONS ET AL.,** | : | |
| | : | |
| Defendants. | : | |

## *ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 27] that Plaintiff's Motions to supplement his complaint and for reconsideration of his injunctive relief claims [Docs. 13 and 14] be granted, and Defendants' Pre-Answer Motion to Dismiss [Doc. 11] be granted in part and denied in part. Although the Magistrate Judge recommended granting Plaintiffs' Motions for reconsideration, he recommended denying Plaintiff's actual injunctive relief claims and his denial of due process claims. Plaintiff did not file an objection to this recommendation. In addressing Defendants' Motion to Dismiss, the Magistrate Judge recommended denying dismissal with regard to Plaintiff's claims of retaliation, violation of the ADA, and deliberate indifference. Defendants filed an Objection to the parts of the Recommendation denying their Motion to Dismiss [Doc.28]. Having considered Defendants' objections and having investigated those matters *de novo*, this Court agrees with the findings and conclusions of the United States Magistrate Judge that Defendants' Motion should be denied with regard to Plaintiff's retaliation, ADA, and deliberate indifference

claims.  Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In his Recommendation, the Magistrate Judge recommends denying qualified immunity because Defendants did not provide any evidence of a smoking policy in effect at Dooly State Prison during the time period in question.  Defendants' objection points to Plaintiff's previous lawsuit which litigated the issue of Dooly State Prison's smoking policy wherein the Eleventh Circuit acknowledged a smoking policy at the prison.  See Brown v. Head, 190 Fed. Appx. 808 (2006).  Defendants contend they need not argue the merits of Dooly's smoking policy because the merits have already been addressed.

While it is highly unlikely that Dooly's smoking policy would have been discontinued between the time period in question and the time period at issue here, there does not appear to be any evidence before this Court of a such a policy in the instant period *in this case*.  If Defendants can provide such evidence, they will be entitled to qualified immunity, and those claims will have to be dismissed; however, the claims will need to be dismissed on a summary judgment motion where the Court can consider such evidence.

Defendants' remaining objections restate contentions that the Magistrate Judge addressed in the Report and Recommendation; this Court agrees with the conclusions and reasoning of the Magistrate Judge.  Thus, this Court accepts the Report and Recommendation.

**SO ORDERED**, this 20th day of March 2008.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

SSH