IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDERICK BROWN,<br><br>                    Plaintiff<br><br>    VS.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>                    Defendants | NO.  5:07-CV-79(CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Currently pending before the court is defendants' MOTION FOR SUMMARY JUDGMENT. Tab #41. This motion is supported by a brief, a statement of facts, and several affidavits.  Plaintiff FREDERICK BROWN has filed a response to defendants' motion. Tab #49.  That motion is now ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

FREDERICK BROWN, an inmate in the custody of the Georgia Department of Corrections ("GDOC"), filed the above-styled case seeking relief under 42 U.S.C. §1983 and the Americans with Disabilities Act ("ADA").  Therein, plaintiff alleges, *inter alia*, that the defendants' violated his Eighth Amendment right to be free of cruel and unusual punishment and his rights under the ADA by virtue of his being forced to endure environmental tobacco smoke ("ETS") at the prisons in which he has been incarcerated. BROWN also complains that the defendants have denied him due process by failing to comply with the GDOC's grievance procedure and that they have retaliated against him for his filing of grievances and lawsuits in violation of his First Amendment rights.

In response to the COMPLAINT, the defendants have filed a motion seeking to have the matter dismissed on several bases including *res judicata* and qualified immunity.  Tab #11.  After a review of the motion and the plaintiff's response thereto, the undersigned recommended that the motion be granted in part and denied in part.  Tab #27.  In particular, the undersigned recommended that of the several issues presented, only the claims of retaliation, deliberate indifference, and ADA violations be allowed to go forward. The district court adopted the undersigned's recommendation. Tab #31**.**  The defendants have since filed an ANSWER as well as the instant motion seeking summary judgment.

## LEGAL STANDARDS

### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION

### Claim I - Environmental Tobacco Smoke

Of the three remaining claims, the first that will be addressed is plaintiff BROWN's allegation that the defendants exhibited deliberate indifference to his serious medical needs by repeatedly exposing him to environmental tobacco smoke which aggravated his asthma and various other medical conditions. In their brief supporting the motion seeking summary judgment, the defendants contend that with regard to this claim they are, *inter alia*, entitled to qualified immunity.

The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known " *Harlow v Fitzgerald* , 457 U .S . 800 , 818 , 102 S. Ct. 2727 , 2738, 73 L . Ed 2d 396 (1982) ; *See Stough v . Gallagher*, 967 F. 2d 1523 , 1525 ( 11th Cir 1992 ).  However, the Court also stated that "if the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow*, 457 U.S. at 818-19.

In employing the qualified immunity test, the court must consider the facts in the light most favorable to the plaintiff. *Behrens v. Pelletier*, 516 U . S . 299, 309 , 116 S Ct 834 (1996).  Once it is established that the alleged action falls within the scope of the discretionary authority of the defendants, the appropriate inquiry involves a determination of whether or not the facts as alleged by the plaintiff constitute a violation of a constitutional right, and if they do, determining whether the right was clearly established at the time of the alleged violation.  *Saucier v. Katz ,* 533 U . S 194 , 200 (2001).

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The allegation in this case is that the defendants, with full knowledge of plaintiff's allegedly severe medical conditions and needs, did, with deliberate indifference, expose the plaintiff to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his future health. Such an allegation, if proven true, would certainly preclude qualified immunity as it is violative of a clearly established constitutional right. *See Helling v. McKinney*, 509 U.S. 25 (1993); *Kelly v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005).

In light of the above, and after having carefully reviewed all of the evidence presented by both parties in a light most favorable to the plaintiff, it appears that further factual development is necessary. Consequently. summary judgment on this claim would be inappropriate at this time.

### *Claim II - Retaliation*

In his Complaint, plaintiff BROWN claims that, in retaliation for complaining about exposure to environmental tobacco smoke, he has been improperly transferred to different prisons and denied certain prescribed medical treatment. With regard to his claim that he was denied medical treatment, the plaintiff contends that defendants failed to provide him with, *inter alia*, a smoke free environment, gloves, and dental care. Plaintiff also contends that, as a result of his filing grievances and lawsuits about the aforementioned environmental tobacco smoke claims, the defendants, employed at Dooly, effectuated retaliatory transfers from Dooly to Autry, and later to Washington.

In support of their MOTION FOR SUMMARY JUDGMENT, and with regard to these claims of retaliation, the defendants have submitted a number of materials including statements and affidavits from the physicians who have treated the plaintiff, plaintiff's transfer records, affidavits from the administrators responsible for maintaining the transfer records, and copies of various GDOC SOPs. In his RESPONSE to the defendants' motion, with regard to his claims of retaliation, the plaintiff has submitted a voluminous brief with multiple references to exhibits including affidavits, witness statements, medical reports, and other documentary evidence which he had already filed with the court in this matter. After reviewing these materials, it appears to the undersigned that issues of material fact exist with respect to plaintiff's claims of retaliation and that summary judgment would be improper at this time.

### *Claim III - ADA*

In this claim, Brown asserts that his severe asthma substantially impairs his ability to breath and work and that the defendants' failure to accommodate his condition violates his rights under the ADA. The defendants disagree.[2] They correctly point out that in order for an inmate to prevail on such a claim, he must show that the he is a qualified individual with a disability; the he was either excluded from or otherwise denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and that such exclusion, denial of benefits, or discrimination was by reason of his disability. 42 U.S.C. § 12132. The plaintiff must also demonstrate a causal connection between the disability and the alleged discrimination.

As to this claim, it again appears that there are a number of genuine factual disputes. On the issue of plaintiff's status as a qualified individual, plaintiff Brown claims that he is qualified and supports his allegation with numerous medical records, affidavits, and documentary evidence. The defendants, using many of the same documents, contend that the plaintiff is not a qualified individual because the limitations caused by his various respiratory and other medical ailments are not sufficiently severe. With regard to the program or service which plaintiff was allegedly denied, the plaintiff claims that, among other things, he was denied doctor prescribed medical treatment in the form of a smoke free environment. In support of this contention, the plaintiff has provided copies of his medical profiles directing that he be kept away from smoke and other respiratory antagonists as well as several written medical opinions and statements to the same effect. On this point, the defendants cite to records which indicate that the plaintiff has frequently received prescribed medical treatment including the provision of medications to control his various medical conditions. With regard to plaintiff's exposure to environmental tobacco smoke, defendants once again note that there is a restrictive smoking policy in place and that said policy is routinely enforced. Moreover, defendants contend that any lapse in the enforcement of the aforementioned policy would not amount to discrimination against

---

[2]As the language of the ADA does not permit suit against an individual, BROWN's ADA claim has been allowed to proceed only as to the GDOC and the defendants in their official capacities. Tab #27.

the plaintiff based upon his disability but rather an error with respect to all prisoners. In view of the above controversy, and in light of the fact that the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the plaintiff, it again appears that the defendants have not met their burden for summary judgment as to this claim.[3]

Accordingly, it is RECOMMENDED that defendant's MOTION FOR SUMMARY JUDGMENT be DENIED and that this matter be allowed to proceed to trial.

Also before the court are plaintiff's MOTION TO CONTINUE (Tab #44) and MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE (Tab #47).  In light of the foregoing recommendation, coupled with the fact that all of the pleadings and evidence filed by the plaintiff in relation to the instant motion seeking summary judgment have been considered by the court, IT IS ORDERED that these motions be DENIED as moot.

SO ORDERED and RECOMMENDED, this 23rd day of JANUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] While it not clear that the plaintiff will ultimately prevail on this or his other claims, the allegations and the evidence which he has produced in support thereof are sufficient to defeat the instant motion seeking summary judgment.