IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDERICK BROWN,<br><br>                         Plaintiff<br>          VS.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>                        Defendants | NO. **5:07-CV-79 (CAR)**<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## O R D E R

Before the court are the defendants' motion for leave to file an out-of-time motion seeking summary judgment (Tab #78), as well as the out-of-time motion itself. (Tab #77). Having reviewed these motions, and in view of the fact that the defendants have previously filed a motion seeking summary judgment (Tab #41) which was considered and then denied (Tab #58), their request for leave to file another motion seeking summary judgment is **DENIED**. Consequently, the defendants' improperly filed out-of-time motion seeking summary judgment is **moot** and therefore **DENIED**.

Also before the court are the plaintiff Brown's motion seeking a protective order/motion to suppress (Tab #79) and motion seeking an extension of time (Tab #82). Plaintiff's motion seeking an extension of time requests additional time to prepare and file a response to the defendants' out-of-time motion seeking summary judgment dealt with above. Because the defendants' out-of-time motion seeking summary judgment has been found moot, plaintiff's request for time in which to file a response thereto is also moot. Thus, the motion is **DENIED**.

With respect to the plaintiff Brown's compound motion for a protective order/motion to suppress, the undersigned reaches a similar conclusion as above. Tab #79. In this motion, plaintiff seeks relief in the form of a court order denying "the defendants' filing of the deposition." In view of the above, coupled with the plaintiff's specific demand for relief, these motions must also be **DENIED** as **moot**.

To explain, according to pertinent language of Local Rule 5.1, depositions "must not be filed [with the court] until they are used in the proceedings." A review of the record in this case reveals that the defendants filed a copy of the deposition because testimony therein was used in support of their proposed out-of-time motion seeking summary judgment. Because the defendants's out-of-time motion seeking summary judgment has been found moot, so too is the deposition filed contemporaneously therewith. That said, should the defendants desire to use testimony contained in the deposition later in these proceedings, the plaintiff would be entitled to raise and/or make objections at that time.

**SO ORDERED**, this 28th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE